UNITED STATES DISTRICT COURT

ESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY BODENHEIMER, an individual,<br><br>VERSUS<br><br>TERRY WILLIAMS, an individual, LUTHER C. SPEIGHT, III, an individual, AND LUTHER SPEIGHT & COMPANY, LLC, CERTIFIED PUBLIC ACCOUNTANTS CONSULTANTS, a Louisiana Limited Liability Company. | CIVIL ACTION NUMBER:<br><br>SECTION:<br><br>MAGISTRATE:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The plaintiff, Greg Bodenheimer, through undersigned counsel, complains of the above-named defendants, as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Gregory Bodenheimer, is a natural person of the full age of majority, and a citizen of the State of Texas.

2. Defendant, Terry Williams ("Williams"), is a natural person of the full age of majority, and a citizen of the State of Louisiana.

3. Luther C. Speight, III ("Speight"), is a natural person of the full age of majority, and a citizen of the State of Louisiana.

4. Defendant, Luther Speight & Company, LLC, Certified Public Accountants & Consultants (the "Company"), is a limited liability company organized under the laws of the State of Louisiana and with its principal place of business in New Orleans, Louisiana.

5. This is a civil action between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, thus the this District Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), because all of the defendants reside in, and a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Louisiana.

**FACTS**

7. During 2003, Speight and Williams told the plaintiff that they were members of the Company, a newly formed accounting and consulting firm, and that the Company needed an infusion of capital to service several existing contracts for work, and to pursue new contracts. Speight and Williams offered to transfer a partial ownership interest in the Company to the plaintiff in exchange for $200,000. In additional to partial ownership, the defendants promised that the Company would pay the plaintiff $60,000 per year as a consultant; that the $200,000 investment would be reimbursed within 24 months; and that the Company would reimburse the plaintiff for the interest expenses incurred by plaintiff in borrowing the $200,000.

8. Accordingly, the plaintiff provided the Company with the $200,000 cashier's check dated August 5, 2003, and the parties executed a *Transfer of Interest* agreement on or about August 7, 2003.

9. The defendants drafted the *Transfer of Interest* agreement. A copy of the *Transfer of Interest* is attached hereto and pled in extenso.

10. The *Transfer of Interest* agreement erroneously described the plaintiff as Greg Bodenheimer, Inc., but at all times the parties understood and acted as though the "Transferee" was Greg Bodenheimer.

11. The plaintiff borrowed the $200,000 paid to the Company from his retirement account, and incurred ongoing interest expenses for the loan.

12. Also during 2003, Williams solicited that plaintiff join Williams in the development of a condominium on Tchoupitoulas Street in New Orleans, Louisiana, by investing $150,000 with Metro Investments.

13. On information and belief, "Metro Investments" was Metro Investments I, L.L.C., a Louisiana limited liability company.

14. On information and belief, Williams and Speight were the only members of Metro Investments I, L.L.C., and on February 21, 2006, the Louisiana Secretary of State revoked the articles of organizations for Metro Investments I, L.L.C.

15. Accordingly, the plaintiff gave Williams a cashier's check dated August 5, 2003 and payable to Metro Investments in the amount of $150,000.

16. The plaintiff borrowed the $150,000 paid to Metro Investments from his retirement account, and incurred ongoing interest expenses for the loan.

17. During or about October 2003, Williams solicited that plaintiff invest an additional $30,000 with Metro Investments for the purchase of "tax credits."

18. Accordingly, the plaintiff gave Williams a personal check dated October 14, 2003 and payable to Metro Investments.

19. Upon information and belief, Williams and Speight intentionally deceived the plaintiff about their use of the $200,000, having instead diverted the money for payment of preexisting debts, including tax liabilities, and for other personal benefits unrelated to the Company.

20. Following receipt of the plaintiff's $200,000 payment, the Company made payments to the plaintiff, with the last of these payments occurring on or about October 27, 2009.

21. The partial payments made to plaintiff in relation to the Company, were made to convince the plaintiff of his ostensible investment in the Company, and to prevent the plaintiff from taking action for return on the investment.

22. The Company has failed to pay the plaintiff all consulting payments, interest reimbursements, and principal reimbursements due under the *Transfer of Interest.* The amount due to the plaintiff under the *Transfer of Interest* is in excess of $700,000.

23. Upon information and belief, Williams intentionally deceived the plaintiff about the plans for the Metro Investments payments, more specifically; Williams never invested in a Tchoupitoulas Street condominium, never invested in tax credits, and instead diverted the money for personal use with no benefit to the plaintiff.

24. Following receipt of the Metro Investments payments, Williams has paid the plaintiff approximately $60,000, ostensibly as returns on the plaintiff's investment with Metro Investments. The last of these payments occurred on or about May 31, 2011.

These payments were drafted from the account of Airware Transportations Services, L.L.C., a company solely owned by Williams.

25. The partial payments made to plaintiff in relation to Metro Investments, were made to convince the plaintiff of his ostensible investment in Metro Investments, and to prevent the plaintiff from taking action for return on the investments.

26. The amount due to the plaintiff under in relation to Metro Investments is in excess of $100,000.

27. The plaintiff relied upon the defendants' deceitful representations to his detriment, and has suffered monetary losses as a result thereof.

## CAUSES OF ACTION

28. The Company is liable to the plaintiff for breach of the *Transfer of Interest* agreement in failing to pay to the plaintiff the consulting payments, interest reimbursements, and principal reimbursements.

29. Williams and Speight are liable to the plaintiff for fraud, under La. C.C. Arts. 1953, 1955, and 1957, for intentionally inducing the plaintiff to pay them $200,000 under false pretenses that the money would be used for the newly-formed Company.

30. Williams is liable to plaintiff for breach of contract for failing to invest the plaintiff's payments to Metro Investments in the Tchoupitoulas Street condominium and purchase of tax credits.

31. Williams is liable to the plaintiff for fraud, under La. C.C. Arts. 1953, 1955, and 1957, for intentionally inducing the plaintiff to pay him $180,000 under false pretenses that the money would be used for investments with Metro Investments.

32. Williams and Speight used unfair and deceptive practices to cause the plaintiff losses, and are therefore liable to the plaintiff under La. R.S. 51:1405 and 1409.

33. Williams, Speight, and the Company acted together to cause Mr. Bodenheimer actual damages. Thus, they are liable, in solido, for the illegal acts of each other, under La. C.C. Art. 2324.

**JURY TRIAL DEMANDED**

34. Plaintiff respectfully demands a jury trial.

**PRAYER FOR RELIEF**

35. Wherefore, the plaintiff, Gregory Bodenheimer, prays that that the Court issue summons to the defendants and that, after due proceedings, the Court render judgment in favor of the plaintiff, Greg Bodenheimer, and against the defendants, Terry Williams, Luther C. Speight, III, and Luther Speight & Company, LLC, Certified Public Accountants & Consultants, in an amount that is reasonable in the premises, in solido, with judicial interest from date of demand, for attorneys' fees, and all costs of these proceedings.

Respectfully Submitted:

FERRIOL, PÉREZ & GORDON, L.L.C.

/s/ William B. Gordon .

WILLIAM B. GORDON (#28056)
GISSEL FERRIOL (#39182)
643 Magazine Street, Suite 200
New Orleans, Louisiana 70130
Tel. No. (504) 324-8716
Fax No. (504) 684-1236
wgordon@fpglegal.com