UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY BODENHEIMER | CIVIL ACTION |
| VERSUS | NO. 14-740 |
| TERRY WILLIAMS, ET AL | SECTION "K"(4) |

## ORDER

Before the Court are Defendants' First Motion to Dismiss (R. Doc. 20) and Second Motion to Dismiss (R. Doc. 22) filed on June 5, 2015 and June 8, 2015, respectively. The Court granted Plaintiff's Motion to File an Amended Complaint on July 15, 2015, whereby Plaintiff amended his Original Complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of civil Procedure. While Defendant's Motions to Dismiss were pending at the time, the Fifth Circuit has held that, for purposes of Rule 15(a), a motion to dismiss is not a responsive pleading that prevents a plaintiff from filing an amended complaint under Rule 15. *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir. 1979). Thus, the Amended Complaint supersedes the Original Complaint and the Motions to Dismiss pertaining to the Original Complaint remain pending.

The parties now dispute whether the Amended Complaint renders the previously filed Motions to Dismiss moot. Courts vary on this issue. *See Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *4-5 (S.D. Tex. Aug. 6, 2014). Courts denying motions to dismiss outright based on the filing of an amended complaint cite to the Fifth Circuit's statement that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994)

1

(citing *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir.1985)); *see, e.g.*, *Hibbets v. Lexington Ins. Co.*, No. CIV.A. 07-5169, 2008 WL 373608, at *1 (E.D. La. Feb. 7, 2008); *Boquet v. Belanger*, No. CIV.A. 14-2228, 2015 WL 1650255, at *1 (E.D. La. Apr. 14, 2015); *McGee v. Arkel Int'l LLC*, No. CIV.A. 08-4704, 2012 WL 6049156, at *3 (E.D. La. Dec. 5, 2012). Courts finding the motions to dismiss remain, on the other hand, rely on other commentary, such as the following from 6 Wright & Miller, Federal Practice & Procedure § 1476 (3d. ed. 2013):

> Once an amended pleading is interposed, the original pleading no longer performs any function in the case.... This effect of an amended pleading under Rule 15(a) becomes particularly important when the amendment purports to cure a defective earlier pleading.... [However,] defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

*See Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *4-5 (S.D. Tex. Aug. 6, 2014); *Nguyen v. Hung Do*, No. CIV.A. 13-2537, 2013 WL 6665722, at *1-2 (E.D. La. Dec. 16, 2013) *aff'd sub nom. Thanh Van Nguyen v. Hung Do*, 579 F. App'x 284 (5th Cir. 2014).

Under either approach, this Court reaches the same conclusion. In this matter, the Amended Complaint does not adopt any portion of the Original Complaint. Having reviewed the substance of the Motions to Dismiss, the Original and Amended Complaints, and the relevant law, the Court finds that the Amended Complaint is substantially distinct from the Original Complaint and arguably removed defects raised by the Motions to Dismiss. Because the arguments presented in the Motions to Dismiss are no longer relevant to the Amended Complaint, the Defendants' currently pending Motions to Dismiss are rendered moot. *See*

*Athletic Training Innovations, LLC v. eTagz, Inc.*, No. CIV.A. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (dismissing motion that attached sufficiency of allegations in original complaint which where amended complaint contained different and additional allegations relating to the defendant's allegations).  Although Defendants are free to file another Rule 12(b)(6) Motion to Dismiss as to the Amended Complaint, the Court notes that it appears that the Plaintiff has now reconciled defects to the Original Complaint in that he asserts that the Defendant Williams acted as a personal accountant and fiduciary and that Defendant Luther Speight & Company, LLC, has ongoing obligations to the Plaintiff under a Transfer of Interest agreement in his Amended Complaint.  Arguments as to the validity of Plaintiff's claims as alleged in the Amended Complaint, therefore, may be more appropriately addressed through a motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the Defendants' First Motion to Dismiss (R. Doc. 20) and Second Motion to Dismiss (R. Doc. 22) are hereby **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's' Motion to Continue Submission Date of Defendants' Pending Motions to Dismiss (R. Doc. 30) is hereby **DENIED as MOOT.**

New Orleans, Louisiana, this  23rd  day of _____July_____, 2015.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**

3