UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY BODENHEIMER                              CIVIL ACTION

VERSUS                                                    NO. 14-740

TERRY WILLIAMS, ET AL                              SECTION "K"(4)

ORDER and REASONS

Before the Court is Defendants' Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 and for Remedial Relief (R. Doc. 28).  Having reviewed the motion, memoranda, record, and relevant law, the Court DENIES the motion for the reasons stated herein.

I.      BACKGROUND

Plaintiff, Gregory Bodenheimer, filed suit in this matter on April 1, 2014, pursuant to this Court's jurisdiction under 28 U.S.C. § 1332.  In his Original Complaint, Plaintiff alleged various claims under Louisiana law, including allegations of fraud, breach of contract, unfair and deceptive practices.  *See* Compl., R. Doc. 1.  Defendant, Luther Speight, III, was served via domiciliary service on June 5, 2014.  On July 17, 2014, the Court granted the Plaintiff an extension of time to serve the remaining two Defendants, Luther Speight & Company, LLC, and Terry Williams. Plaintiff subsequently served Luther Speight & Company, LLC, on October 15, 2014 and Terry Williams on October 29, 2014.  On May 27, 2015, this Court issued an Order to Show Cause ("Call Docket") why the Plaintiff's claims should not be dismissed for Plaintiff's failure to prosecute as no record of an appearance had been made by any Defendant nor had Plaintiff moved for entry of default. (R. Doc. 15).  On the same day, Plaintiff filed a Motion for Entry of Default, which was granted by the Clerk of Court. (R. Docs. 16 & 17).  Defendants subsequently filed a Motion to Set Aside the Entry of Default (R. Doc. 18) and two Motions to

1

Dismiss (R. Doc. 20 & 22), on which the Court has rendered its rulings. *See* Order, July 16, 2015, R. Doc. 43; Order, July 23, 2015, R. Doc. 44.  Defendants filed the instant Motion for Sanctions Pursuant to 28 U.S.C. § 1927 on June 22, 2015. (R. Doc. 28).

In their instant motion, Defendants' contend that Plaintiff's counsel knowingly or recklessly advanced frivolous claims in violation of Federal Rule of Civil Procedure Rule 11(b)(2).  Specifically, Defendants' claim that Plaintiff's counsel "had to have known" that, from the face of the Complaint, each of his claims were prescribed under Louisiana law. Because Defendants allege Plaintiff's counsel should have known that the claims were time-barred, Defendants contend that Plaintiff's counsel makes groundless claims and is subject to Rule 11 sanctions.  Defendants acknowledge that any Rule 11 argument is not yet ripe under the safe-harbor provision in Rule 11.  Nevertheless, Defendants argue that, by virtue of 28 U.S.C. § 1927, the Court may award the Defendants excess fees as Plaintiff's counsel acted in bad faith by persisting in pursuing meritless claims.  Defendants point to informal conversations between Defendants' counsel and Plaintiff's counsel wherein Defendants note Defendants' counsel informed Plaintiff's counsel that Plaintiff's claims were prescribed but that Plaintiff's counsel refused to withdraw the Complaint and granted Defendants an informal extension of time to file responsive pleadings. After months of inactivity and the issuance of a Call Docket ordering Plaintiff to show cause why his claim should not be dismissed for inaction, Plaintiff's counsel moved for entry of preliminary default.  Defendants assert that, while no rule requires Plaintiff's Counsel to provide Defense counsel with notice prior to moving for entry of preliminary default, professional courtesy dictates that after granting an informal extension of time to file responsive pleadings such an action would be appropriate.

Plaintiff's counsel argues that Defendants' motion seeks to circumvent the safe-harbor provision in Rule 11, which allows an attorney 21 days to withdraw or correct a challenged pleading, by seeking sanctions under § 1927, which is within the Court's inherent powers to grant. R. Doc. 36, 4. However, Plaintiff's counsel notes that he has reformed the Complaint, clarifying previously alleged facts and alleged new facts refuting Defendants' claims that Plaintiff's claims are prescribed and has withdrawn opposition to Defendants' motion setting aside entry of default. Thus, Plaintiff's counsel argues that he has complied with the safe-harbor provision of Rule 11. Plaintiff's counsel argues that he did not take these actions in bad faith or in abuse of the judicial process; he believes his client is entitled to relief and has not taken actions to harass the Defendants.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1927, an attorney who "so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The Fifth Circuit has held that the district court must find that an attorney multiplied the proceedings both "unreasonably" and "vexatiously" under § 1927 to shift reasonable fees. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998); *FDIC v. Calhoun,* 34 F.3d 1291, 1297 (5th Cir.1994). Section 1927 sanctions are not to be awarded lightly. *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 479 (5th Cir. 2012).  "To prevent the courts from dampening 'the legitimate zeal of an attorney in representing her client,' *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir.1991), [the Fifth Circuit] has interpreted § 1927 as penal and construes it in favor of the sanctioned party, *FDIC v. Conner,* 20 F.3d 1376, 1384 (5th Cir.1994)." *Id.* at 526.  Awarding sanctions

under section 1927 thus "requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards*, 153 F.3d at 246 (citations omitted).

"The standards for bad faith are necessarily stringent," and the court must exercise its inherent power to levy fees for bad faith with restraint. *Batson v. Neal Spelce Associates, Inc.,* 805 F.2d 546, 550 (5th Cir. 1986). "A party should not be penalized for maintaining an aggressive litigation posture," but "advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto." *Id.* (citation and internal quotation marks omitted). Courts support imposing sanctions where an attorney used repeated filings despite warnings from the court, or other proof of excessive litigiousness. *Procter & Gamble Co*., 280 F.3d at 525-26 (citing *Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees,* 844 F.2d 216, 224 (5th Cir.1988)). However, sanctions will not be imposed for mere negligence of counsel. *See Hahn v. City of Kenner*, 1 F. Supp. 2d 614, 617-18 (E.D. La. 1998).

The court can shift fees "only to counsel, not to parties." *Procter & Gamble Co. v. Amway Corp*., 280 F.3d 519, 525 (5th Cir. 2002). "By its terms [§ 1927] does not authorize the wholesale reimbursement of a party for all of its attorneys' fees or for the total costs of the litigation." *Browning v. Kramer*, 931 F.2d 340, 344-45 (5th Cir. 1991)(citations omitted). "Except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action's defense." *Id.* (citing *Lewis v. Brown & Root, Inc.,* 711 F.2d 1287, 1292 (5th Cir.1983), *clarified on reconsideration,* 722 F.2d 209 (5th Cir.1984)). Instead, under § 1927, only those fees and costs associated with "the persistent prosecution of a meritless claim" may be

awarded. *Id.* (citing *Thomas v. Capital Sec. Serv., Inc.,* 836 F.2d 866, 875 (5th Cir.1988) (en banc)).

## III.    DISCUSSION

The Court notes, in the first instance, that the Defendants' Rule 11 argument was not ripe for review—as Defendants conceded—and will consider only the request for fees under section 1927.  Upon review, the Court finds that Plaintiff's counsel has not acted in bad faith nor "unreasonably" or "vexatiously" multiplied the proceedings in this matter.  Defendants rely almost exclusively on their contention that Plaintiff's claims were time-barred and therefore meritless in asserting that Plaintiff's counsel acted in bad faith.  Assuming *arguendo*, that at least some of Plaintiff's claims were time-barred and meritless, Plaintiff's counsel nevertheless acted within the scope of the Rule 11 safe-harbor provision in amending the Complaint and removing any claims that he may have believed were prescribed.  Moreover, while miscommunication occurring informally between counsel may have frustrated Defendants' efforts, such conduct does not rise to the level of "bad faith" or evidence any improper motive such that sanctions should be levied against Plaintiff's counsel.  Indeed, Plaintiff's counsel would not have had the opportunity to file for entry of preliminary default had any responsive pleading been filed by Defendants and only made such filing after issuance of the Court's Call Docket lest his action be dismissed for inaction.

Under similar facts, the Fifth Circuit has explained why such conduct such as Plaintiff's counsel's in this case does not merit sanctions:

> Of course, under Rule 11, plaintiff's counsel should have investigated his case before filing it. Such an investigation would usually include obtaining documentary proof supporting, or disproving, his client's allegations prior to or soon after filing suit. Had [Plaintiff's] counsel been more diligent, this litigation might have ended sooner, sparing the costs expended by the plaintiff,

5

defendant, district court, and this court. But § 1927, unlike Rule 11, is not about mere negligence. *See Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003). Rule 11, with its lower standard of culpability that permits sanctions for failure to conduct a reasonable inquiry, provides a "safe harbor" during which an attorney may correct his actions by withdrawing or correcting the challenged paper, claim, defense, contention or denial. *See* Fed.R.Civ.P. 11(c)(2). Here, [Plaintiff's] counsel took corrective action once his good faith belief in his client's allegations was challenged by the lack of documentary evidence-he did not further multiply the litigation nor persist in a meritless claim. The whole point of Rule 11's "safe harbor" is to allow an attorney who is mistaken about the merits of his claim to withdraw it. Section 1927, by contrast, is about the intentionally wrongful or reckless counsel, not the one who is merely negligent or lacking in diligence.

*Vanderhoff v. Pacheco*, 344 F. App'x 22, 28 (5th Cir. 2009). In sum, in light of the above and construing § 1927 strictly in favor of Plaintiff's counsel, it appears that Plaintiff's counsel has not persisted in pursing frivolous claims nor have Defendants shown that Plaintiff's counsel knowingly persisted in pursuing meritless claims. *Contra Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 247 (5th Cir. 1998)(counsel admitted to pursuing an entirely meritless case to force settlement or defense); *Ingram v. Glast, Phillips & Murray*, 196 F. App'x 232, 233 (5th Cir. 2006)(counsel knowingly pursued case that was a "complete sham").

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 and For Remedial Relief (R. Doc. 28) is **DENIED**.

New Orleans, Louisiana, this 27th day of _____July_____, 2015.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**