## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GREGORY BODENHEIMER**                                           **CIVIL ACTION**

**VERSUS**                                                                      **NO. 14-740**

**TERRY WILLIAMS, ET AL.**                                    **SECTION "K"(4)**

## <u>ORDER AND REASONS</u>

Pending before the Court are the following motions:

a)       Second Motion to Dismiss or, in the Alternative, For Summary Judgment (Rec. Doc. 46) filed by Luther Speight & Company, LLC; and

b)       Motion to Disqualify Counsel  (Rec. Doc. 62) filed by Gregory Bodenheimer.

Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in these motions at this time for the reasons that follow.

## <u>BACKGROUND</u>

Gregory Bodenheimer filed a First Amended Complaint in which he sued Terry Williams ("Williams"), individually, Luther Speight, III, ("Speight") individually and Luther Speight & Company, LLC, Certified Public Accountants Consultants ("Speight, LLC") for the breach of a Transfer of Interest agreement for their alleged failure to pay to plaintiff the consulting payments, interest reimbursements and principal reimbursements contained therein, as well as other misdeeds.

The agreement in question is styled  "Transfer of Interest in Luther Speight & Company,

1

LLC by Luther Speight & Company to Greg Bodenhiemer[1], Inc." (Rec. Doc. 1-1) and was executed by all of the parties involved in this suit on August 7th, 2003 in New Orleans, Louisiana. The document details in the preamble that:

(1)    Speight and Williams appeared in their individual capacity and representing Speight LLC;

(2)    Greg Bodenhiemer, Inc., ("Bodenhiemer, Inc.") was a Texas Corporation represented by Greg Bodenhiemer ("Bodenhiemer");

(3)    Speight owned 58%  and Williams owned 32% of Speight, LLC;

(4)    an understanding had been reached that Bodenheimer, Inc. desired to make a capital contribution to Speight, LLC in the amount of $200,000.00 in exchange for an ownership interest in Speight, LLC.;

(5)    an agreement that Bodenheimer, Inc. was to "be engaged by [Speight, LLC] to provide consulting services to and for [Speight, LLC] at an annual rate of compensation not less than" $60,000, and "that [Speight LLC] was to pay to Bodenheimer, Inc."in quarterly installments a sum not to exceed $2500; the aforesaid described sums not to exceed" $10,000 "on an annual basis; the actual amount pad on a quarterly basis to be equivalent to the interest cost borne by [Bodenheimer, Inc.] with respect to the capital contribution set forth herein;"

6)    Speight and Williams personally declared that it was in the best interest of Speight, LLC to secure the cash infusion;  they ratified Speight LLC's issuance of

---

[1]The Court notes that in the Complaint, the plaintiff's name is spelled "Bodenheimer"; however, in the Agreement, it is spelled "Bodenhiemer."  When citing the Agreement, the Court has used the spelling used in the contract.

a 10% membership interest to Bodenheimer, Inc. in exchange for the capital

infusion; and acknowledged that the 10% share of the company would come from

their respective shares.

The Agreement then states:

> [Speight, Williams and Speight, LLC] declares that in consideration of a capital contribution of Two Hundred Thousand and No/100ths ($200,000.00) Dollars, the assumption of all terms, conditions, liabilities, capital class, and all other provisions of the Articles of Organization, as hereafter amended, and the Operating Agreement for the Company, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge, [Speight LLC] does hereby sell, transfer, convey, assign, deliver and set over unto [Bodenhiemer, Inc.], One Hundred units; a ten(10) percent membership interest in the Company, as well as the right to receive any and all distributions of income or gain, to which Transferee may hereinafter be entitled pursuant to the Articles of Organization as amended and the Operating Agreement.

Rec. Doc. 1-1 at 2of 3.

In the Complaint (Rec. Doc. 1), at paragraph 10, plaintiff Bodenheimer stated that the

agreement erroneously described the party in interest as "Greg Bodenheimer, Inc.", "but at all

times the parties understood and acted as though the "Transferee" was Greg Bodenehimer

personally.  In the First Amended Complaint, plaintiff further alleged that in addition to the

Speight LLC investment, plaintiff invested an additional $150,000 with Williams in a real estate

development and purchased tax credits through Williams in the amount of $30,000.00 (Rec. Doc.

42, ¶14 at 3 of 10).

In the Amended Complaint, plaintiff outlined the course of dealing with Mr. Williams

concerning all of these investments and outlined the fraud which was allegedly practiced upon

plaintiff.  Specifically as to the real estate investment, plaintiff alleged that it was not until

sometime in late 2012,  that Williams confessed to plaintiff that he had not invested that money

3

in that endeavor.

Thus, Bodenheimer contends that Speight, LLC is liable to Bodenheimer for breach of contract for "failure to make the $60,000 per year payments that are required by the Transfer of Interest agreement , and for failure to make the interest cost reimbursement required by the Transfer of Interest agreement."  (Rec. Doc. 42, ¶ 39 at 8 of 10).  In addition, plaintiff contends that "Williams committed fraud upon Bodenheimer by intentionally inducing him to give Williams $180,000 under false pretenses that the money would be used for plaintiff's benefit." (*Id.* at ¶ 40).

### Legal Standards

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1980). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at 563, 127 S.Ct. at 1969.

"To survive a *Rule 12(b)(6)* motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969).

As to a motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). Given these standards, the Court will now address the motions.

### Second Motion to Dismiss and the Motion to Disqualify

Defendant Speight LLC filed the instant motion seeking to dismiss all of the plaintiff's claims against it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. As noted, in the First Amended Complaint, plaintiff seeks to recover the sum of at least $600,000.00 relating to a provision in a contract wherein the defendant agreed to pay to the plaintiff $60,000.00 a year for consulting and other services. Plaintiff is also claiming that the defendant failed to reimburse the plaintiff for his

interest cost for the $200,000 Bodenheimer borrowed to invest in the Speight, LLC.

Speight, LLC seeks dismissal under Fed. R. Civ. Pro. 12(b)(6) and in the alternative, summary judgment under Fed. R. Civ. Pro. 56 as to plaintiff's claims against it. Speight LLC maintains that article 1993 of the Louisiana Civil Code concerning reciprocal obligations states"in the case of reciprocal obligations, the obligor of one may not be put in default unless the obligor of the other has performed or is ready to perform his own obligation." Thus, in essence, Speight LLC contends that because plaintiff has not alleged that he provided consulting services or that he was ready and available to provide such services, such payment cannot be due as he has not performed any work. This argument clearly ignores the allegations as previously set forth and verges on the disingenuous, and certainly absolutely contrary to the terms of the contract.

Clearly, the contract itself makes no mention of work to be performed or as work being a condition of compensation. The consideration and obligations involved were Bodenheimer providing a capital infusion to Speight, LLC, and Speight, LLC was to pay as compensation certain amounts set forth in the contract. The contract specifically states "Whereas, it is agreed that GREG BODENHEIMER, INC, be engaged by the Company to provide consulting services to and for the Company at an annual rate of compensation not less than Sixty thousand and no/100ths ($60,000.00) Dollars and that the Company should pay unto Transferee, in quarterly installments a sum not to exceed Two thousand Five Hundred and No/100th ($2,500.00) Dollars . . . ." At worst, the contract may be found to be vague which may or may not require parole evidence. Clearly, this motion is premature.

As to the money to be paid in lieu of interest, i.e., the $10,000.00 per year or less

depending on what the equivalent interest would be on the $200,000.00, defendant contends that there was really no capital contribution; it was in truth and in fact a loan; therefore, the plaintiff owns no interest in the Company.  As such, Speight LLC contends that there was no consideration for this obligation on behalf of the company.  This contention flies in the face of the very name of the document in question, "Transfer of Interest in Luther Speight & Company, LLC by Lurther Speight & Company, LLC to Greg Bodenhiemer, Inc."  Again, this position appears spurious and frankly, the motion as a whole appears to the Court to be dilatory in nature.

The defendant also contends that the course of dealing of the parties clearly shows that it was intended to be a loan and not a capital infusion.  It argues that the plaintiff so characterized it in his original pleading.  Even though this characterization was superseded by the amended complaint, the moving defendant argues that it can at least be used inferentially to support the motion for summary judgment.  Defendant further argues there is a three-year prescriptive period applicable as the money was in reality a loan.   To the degree that the defendant maintains that somehow their course of dealing resulted in some kind of tacit amendment of the contract at issue, making the money involved a loan than a capital infusion, that issue would be a question of fact that is not ripe for summary judgment or a 12(b)(6) motion.

As to the Motion to Disqualify Defense Counsel of Record,  Mr. Jerome J. Pellerin, plaintiff maintains that since Mr. Pellerin drafted the agreement to reflect Speight, LLC's intentions, Mr. Pellerin will be required to be a witness in the case and as such must be disqualified.  However, given the status of this matter, such a motion is premature as well.

The Court notes that the initial complaint in this matter was filed over two years ago. The First Amended Complaint was filed on July 15, 2015.  Defendant Williams filed an

Amended Answer to the First Amended Complaint on February 11, 2016.  It appears that to date

Luther C. Speight, III, individually and Speight, LLC have not filed answers to date.

Considering the foregoing,

   **IT IS ORDERED** that the Second Motion to Dismiss or, in the Alternative, For

Summary Judgment (Rec. Doc. 46) and the Motion to Disqualify Counsel (Rec. Doc. 62) are

**DENIED**.

   **IT IS FURTHER ORDERED** that answers shall be filed on behalf of Luther C. Speight,

III, individually, and Luther Speight and Company, LLC, Certified Public Accountants

Consultants **no later than May 31, 2016.**  Thereafter, a telephonic status conference to set this

case for trial shall be set by the Case Manager to occur **no later than June 8, 2016.**

   New Orleans, Louisiana, this 18th day of May, 2016.

   _____
                     **STANWOOD R. DUVAL, JR.**
          **UNITED STATES DISTRICT COURT JUDGE**

.